UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN ALVARADO,

                        Plaintiff,                       12CV8233(RWS)

    - against -                                 COMPLAINT AND
                                                    DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, OSCAR DIAZ,
and CARL BENNETT, Individually and in their        ECF CASE
Their Official Capacity,

                    Defendants
------------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Jonathan Alvarado by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Jonathan Alvarado is a citizen of the United States who was lawfully present in a store on Nagle Avenue, in the Borough of Manhattan, City and State of New York, on September 1, 2011, when New York City police officers Oscar Diaz and Carl Bennett arrested him on a false criminal charge of Criminal Sale of a Controlled Substance in the Third Degree, handcuffed and searched him, transported him to the 34th Precinct, where he was imprisoned, and subsequently transported him to Manhattan Central Booking, where he continued to be imprisoned until his arraignment on September 2, 2011, when he was released on his own recognizance, and prosecuted him on a false criminal charge of Criminal Sale of a Controlled Substance in the Third Degree. The arrest and

prosecution of plaintiff Jonathan Alvarado was the result of a policy and practice adopted by defendant The City of New York to arrest individuals for possession or sale of a controlled substance without probable cause to support the arrest. The false criminal charge against plaintiff Jonathan Alvarado was dismissed on May 3, 2012.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Jonathan Alvarado's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Oscar Diaz and Carl Bennett can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Jonathan Alvarado is a citizen of the Untied States who resides in the County of New York, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Oscar Diaz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Oscar Diaz was acting within the scope of his employment by defendant The City of New York.

11. Defendant Carl Bennett is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein defendant Carl Bennett was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On July 18, 2012, plaintiff Jonathan Alvarado served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. Plaintiff Jonathan Alvarado's motion to extend his time to file a Notice of Claim was granted by an Order of New York State Supreme Court Justice Arthur F. Engoron dated September 19, 2012, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On September 1, 2011, plaintiff Jonathan Alvarado was lawfully present in a store on Nagle Avenue, in the County of New York, City and State of New York.

18. On September 1, 2012, in a store on Nagle Avenue, in the County of New York, City and State of New York, defendants Oscar Diaz and Carl Bennett seized plaintiff Jonathan Alvarado.

19. On September 1, 2012, in a store on Nagle Avenue, in the County of New York, City and State of New York, defendants Oscar Diaz and Carl Bennett handcuffed plaintiff Jonathan Alvarado.

20. On September 1, 2012, after seizing and handcuffing plaintiff Jonathan Alvarado in a store on Nagle Avenue, defendants Oscar Diaz and Carl Bennett searched plaintiff Jonathan Alvarado by pulling his shorts and boxer shorts forward to look inside his underwear both in the front and the rear.

21. On September 1,2012, defendants Oscar Diaz and Carl Bennett arrested plaintiff Jonathan Alvarado for the crime of Criminal Sale of a Controlled Substance in the Third Degree.

22. Plaintiff Jonathan Alvarado had not sold any controlled substance.

23. Defendants Oscar Diaz and Carl Bennett did not have a warrant authorizing the arrest of plaintiff Jonathan Alvarado.

24. Defendants Oscar Diaz and Carl Bennett then transported plaintiff Jonathan Alvarado to the 34th Precinct, where he was imprisoned for a period of time.

25. Plaintiff Jonathan Alvarado subsequently was transported to Manhattan Central Booking, where he continued to be imprisoned until his arraignment on September 2, 2011.

26. On information and belief, on September 1, 2011, defendant Oscar Diaz falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Jonathan Alvarado had sold cocaine to another individual.

27. On September 1, 2011, defendant Oscar Diaz instituted a criminal proceeding against plaintiff Jonathan Alvarado in the Criminal Court of the City of New York, County of New York, accusing the plaintiff of the crime of Criminal Sale of a Controlled Substance in the Third Degree.

28. On September 2, 2011, plaintiff Jonathan Alvarado was arraigned before a judge of the Criminal Court of the City of New York, County of New York, and was released on his own recognizance.

29. On May 3, 2012, the charges brought by defendant Oscar Diaz against plaintiff Jonathan Alvarado were dismissed on motion of the District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as though the same were set forth fully herein.

31. The seizure, arrest, and imprisonment of plaintiff Jonathan Alvarado by defendants Oscar Diaz and Carl Bennett were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

32. The charge upon which defendants Oscar Diaz and Carl Bennett arrested plaintiff Jonathan Alvarado was false.

33. The charge was made by defendants Oscar Diaz and Carl Bennett against plaintiff Jonathan Alvarado with knowledge that it was false.

34. Plaintiff Jonathan Alvarado was aware of his seizure, arrest and imprisonment by defendants Oscar Diaz and Carl Bennett.

35. Plaintiff Jonathan Alvarado did not consent to his seizure, arrest or imprisonment.

36. As a result of the foregoing, plaintiff Jonathan Alvarado was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

37. The seizure, arrest and imprisonment of plaintiff Jonathan Alvarado deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

38. Defendants Oscar Diaz and Carl Bennett were acting under color of state law when they seized, arrested and imprisoned plaintiff Jonathan Alvarado.

39. Defendants Oscar Diaz and Carl Bennett deprived plaintiff Jonathan Alvarado of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Jonathan Alvarado on a false criminal charge.

## COUNT TWO
## UNREASONABLE SEARCH UNDER 42 U.S.C.

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though the same were set forth fully herein.

41. The search inside plaintiff Jonathan Alvarado's underwear in a public place was not reasonable.

42. As a result of the search inside his underwear in a public place by defendants Oscar Diaz and Carl Bennett, plaintiff Jonathan Alvarado was subjected to mental distress, embarrassment and humiliation

43. The search inside plaintiff Jonathan Alvarado's underwear in a public place violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

44. Defendants Oscar Diaz and Carl Bennett were acting under color of state law when they pulled plaintiff Jonathan Alvarado's shorts and boxer shorts forward to look inside his underwear in a public place.

45. Defendants Oscar Diaz and Carl Bennett deprived plaintiff Jonathan Alvarado of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a search inside the plaintiff's underwear in a public place.

## COUNT THREE
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The criminal charge brought by defendant Oscar Diaz against plaintiff Jonathan Alvarado in the Criminal Court of the City of New York, County of New York, was false.

48. The criminal proceeding instituted by defendant Oscar Diaz against plaintiff Jonathan Alvarado in the Criminal Court of the City of New York, County of New York, was instituted by this defendant with knowledge that the charge was false.

49. The criminal proceeding instituted by defendant Oscar Diaz against plaintiff Jonathan

Alvarado in the Criminal Court of the City of New York, County of New York, was instituted without probable cause to believe that the plaintiff had committed the offenses charged.

50. Defendant Oscar Diaz was acting with malice when he instituted the criminal proceeding against plaintiff Jonathan Alvarado.

51. The criminal proceeding instituted by defendant Oscar Diaz against plaintiff Jonathan Alvarado in the Criminal Court of the City of New York, County of New York, was terminated in plaintiff Jonathan Alvarado's favor.

52. Defendant Oscar Diaz was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the New York County District Attorney that plaintiff Jonathan Alvarado had sold cocaine to another individual.

53. Defendant Oscar Diaz was acting under color of state law when he instituted a criminal proceeding against plaintiff Jonathan Alvarado in the Criminal Court of the City of New York, County of New York.

54. Defendant Oscar Diaz deprived plaintiff Jonathan Alvarado of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Jonathan Alvarado on a false criminal charge.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

59. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

   (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

60. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

61. The arrest, prosecution and imprisonment of plaintiff Jonathan Alvarado on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

62. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

63. Defendant The City of New York deprived plaintiff Jonathan Alvarado of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

64. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

65. Plaintiff incorporates by reference paragraphs 1 through 64 of this Complaint as though the same were set forth fully herein.

66. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Oscar Diaz and Carl Bennett are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

67. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

68. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

69. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

70. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jonathan Alvarado would be violated.

71. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jonathan Alvarado.

72. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

73. Defendant The City of New York deprived plaintiff Jonathan Alvarado of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

74. Plaintiff incorporates by reference paragraphs 1 through 73 of this Complaint as though the same were set forth fully herein.

75. Defendants Oscar Diaz, Carl Bennett and the City of New York committed an assault and battery on the person of plaintiff Jonathan Alvarado by seizing and handcuffing the plaintiff.

76. As a result of the foregoing, plaintiff Jonathan Alvarado experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW FALSE IMPRISONMENT

77. Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. Defendants Oscar Diaz, Carl Bennett and The City of New York falsely imprisoned plaintiff Jonathan Alvarado by seizing, arresting and imprisoning him on a false criminal charge.

79. As a result of the foregoing, plaintiff Jonathan Alvarado was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Defendants Oscar Diaz, Carl Bennett and The City of New York maliciously prosecuted plaintiff Jonathan Alvarado on a false criminal charge.

82. As a result of the criminal proceeding instituted by defendants Oscar Diaz and The City of New York, plaintiff Jonathan Alvarado was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Jonathan Alvarado respectfully requests that this Court grant the following relief:

A. Award plaintiff Jonathan Alvarado compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Jonathan Alvarado punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff Jonathan Alvarado reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
November 9, 2012

                                        MICHELSTEIN & ASSOCIATES, PLLC

                                        By: _____
                                        Steven Michelstein (SM3323)
                                        Attorneys for Plaintiff
                                        485 Madison Avenue
                                        New York, New York 10022
                                        (212) 588-0880